**Opinions of the United States Court of Appeals for the Third Circuit**



12-15-2004

# Howard Johnson Intl v. Cupola Entr LLC

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Howard Johnson Intl v. Cupola Entr LLC" (2004). *2004 Decisions.* Paper 77.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/77

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4458

HOWARD JOHNSON INTL,
a Delaware Corporation

v.

CUPOLA ENTERPRISES, LLC, a
Louisiana Limited Liability
Company; ROBERT DUPREE, an individual

ROBERT DUPREE, an individual,
                                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 01-cv-01205
District Judge:  The Honorable Dennis M. Cavanaugh

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2004

Before: ALITO, BARRY, and FUENTES, Circuit Judges

(Opinion Filed: December 15, 2004)

OPINION

BARRY, <u>Circuit Judge</u>

Robert Dupre[1] appeals, first, the District Court's grant of summary judgment in favor of Howard Johnson International, Inc. ("HJI"), claiming that it was improper for the Court to grant summary judgment when all that was before it was a motion *in limine*. Notably, Dupre argues only the labeling of the result the Court reached and not that it erred on the merits or that the procedure the Court followed en route to that result was wrong. Second, Dupre appeals the District Court's putative denial of his application to amend his Answer to the Complaint. The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm.

## I.

Because we write solely for the benefit of the parties, we recount only those facts that are relevant to the issues before us. HJI commenced this case on March 12, 2001 against defendants' Cupola Enterprises, LLC ("Cupola") and Dupre, seeking damages arising out of defendants' alleged breach of a franchise agreement and Guaranty. The claims against Cupola were stayed as a result of its bankruptcy. The case continued against Dupre as Cupola's guarantor.

Discovery having closed, a non-jury trial was to begin on October 30, 2002. On the day of the trial, however, and following argument before the District Court, the Court

---

[1] Appellant's last name is variously spelled "Dupre" and "Dupree." We will use the spelling he uses.

adjourned the trial in order to consider the issues raised in a motion *in limine*[2] filed by HJI. That motion argued that, as a matter of law: (1) the parol evidence rule barred Dupre from offering proofs in support of his Counterclaim and affirmative defenses that contradicted the written terms of the License Agreement; (2) Dupre had no standing to assert any claims that may be personal to Cupola; and (3) Dupre's theories of damages were legally unsustainable. In essence, this motion sought to preclude Dupre from offering at trial any evidence in support of his Counterclaim and defenses. The motion was, it surely appears, a summary judgment motion labeled as a motion *in limine. See* n.2, *supra.*

HJI's motion was characterized by all at the argument, including Dupre's counsel, as "dispositive". The District Court told Dupre that he would "have as much time as is necessary . . . to appropriately respond." After discussing the briefing schedule, Dupre was given twelve days within which to file a response. The District Court made it quite clear that whether there would be a trial was dependent on the resolution of the motion. Nearly a year later, on October 15, 2003, the District Court entered summary judgment in favor of HJI.

Also, on what was to be the first day of trial, the District Court did not permit Dupre to make an issue out of what had not theretofore been an issue, *i.e.* whether Dupre

---

[2]At the final pretrial conference, the Magistrate Judge stated that while summary judgment motions could no longer be filed, motions *in limine* could be brought before the District Court on the day trial was to commence.

signed the Guaranty. Dupre's counsel argued that he had not met his client until the day before trial. During that meeting, Dupre and counsel reviewed documents, and Dupre notified counsel, for the first time, that it was not his signature on the Guaranty and that he did not remember signing the Guaranty. The District Court found this "flip flop" on the day of trial "incredible" because Dupre had admitted that he was the guarantor in his Answer to the Complaint, in his Counterclaim, and in an affidavit that was attached to a motion to transfer, and had at no time throughout the course of the litigation attempted to disavow that admission. Moreover, at the final pre-trial conference and in the Final Pretrial Order it was stipulated that he had signed the Guaranty.

## II.

A. *Summary Judgment*

We exercise plenary review over the District Court's grant of summary judgment. *Fiscus v. Wal-Mart Stores, Inc.*, 385 F.3d 378, 381 (3d Cir. 2004).

It has long been established that if certain preconditions are present, district courts are entitled to grant summary judgment *sua sponte. See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."). In *Otis Elevator Co. v. George Washington Hotel Corp.*, 27 F.3d 903 (3d Cir.1994), we held that a district court may not grant summary judgment *sua sponte*

unless the court gives notice and an opportunity to oppose summary judgment. *See also Davis Elliott Intern. v. Pan American Container,* 705 F.2d 705, 707-08 (3d Cir.1983) ("'because the procedure of Rule 56 requiring an opportunity to present pertinent material, which presumes notice to the party so that he may take advantage of the opportunity, was not followed, the entry of judgment must be reversed' ").

The threshold issue in the context of *sua sponte* summary judgment is, therefore, whether the party was given notice that summary judgment is being contemplated by the court. *Gibson v. Mayor and Council of the City of Wilmington*, 355 F.3d 215, 222-23 (3d Cir. 2004). If so, the next issue for consideration is whether the non-moving party had adequate time to gather the evidence necessary to oppose the motion and presented such evidence to the court. *Id.* at 223.

Dupre argues that it was improper for the District Court to grant summary judgment when the motion before it was a motion *in limine*. He cites *Bradley v. Pittsburgh Board of Education*, 913 F.2d 1064 (3d Cir. 1990), in support of his argument and, indeed, in *Bradley* we found that the District Court had impermissibly granted summary judgment on the basis of a motion *in limine*. *Id.* at 1070. Dupre thus extrapolates from *Bradley* that the Rules of Civil Procedure always prohibit a court from granting summary judgment when only a motion *in limine* has been filed.

*Bradley* does not go that far. In *Bradley,* we reversed the grant of summary judgment because there was no evidence that the non-moving party had been put on

5

notice. We also observed that the non-moving party had reasonably assumed that the case would continue to trial because neither party, nor the judge, suggested that the trial would not proceed. In addition, because of the absence of a formal motion for summary judgment, the non-moving party was "under no formal compulsion to marshall all of the evidence in support of his claims." *Bradley*, 913 F.2d at 1069-70. We, therefore, held that a court cannot grant summary judgment pursuant to a motion *in limine* without the presence of procedural safeguards. *Id.* at 1070.

This case is distinguishable from *Bradley* for two reasons. First, Dupre knew that HJI's motion was potentially dispositive; indeed, his counsel said so at the hearing. When counsel claimed that his client might not understand what had transpired just moments before, the District Court succinctly summarized: "There's an application made that in effect is asking this Court to strike your defenses, and in so doing, unless there is some other issue that I'm not aware of, enter judgment in favor of the Plaintiff." Pa 51. The District Court then concluded the colloquy by stating that whether there would be a trial would depend on the resolution of this motion.

Although the District Court did not at that time state *in haec verba* that what was before it was a motion for summary judgment, Dupre was explicitly put on notice that the motion was potentially dispositive, and was given ample reason to believe that the District Court might enter judgment for HJI. He, therefore, was cognizant of the need to "marshall all of his evidence" in support of his claims.

Second, unlike the non-moving party in *Bradley*, Dupre was provided adequate time to draft a response.  After the District Court expressed a desire to have more briefing on the issues raised in the motion, it remarked, "My concern is the fairness to [Dupre's counsel, to have him be handed this at this time, without his opportunity to do what he has to do to respond to the legal arguments."  Counsel then suggested that he could have a response drafted by the next day.  The Court rejected this, stating "I'm not looking to back you to the wall.  I mean I'll give you time to do what you want . . .  I'll give you as much time as is necessary for you to appropriately respond."  Dupre was then given eight days to respond – two shy of the ten required by Rules 56(c) and 6(a).  While he may have been shortchanged two days, he never brought this error to the District Court's attention, and he has not asserted it here.  In the absence of protest, we will assume that this abbreviated schedule afforded Dupre all the time that he needed.

In sum, we do not permit a district court to *sua sponte* grant summary judgment unless two key requirements are satisfied.  First, the non-moving party must be on notice that the court is contemplating granting summary judgment against it.  Second, the non-moving party must have adequate time to marshal its evidence to show that there is a genuine issue of material fact.  Both requirements were satisfied here.

B.  *Denial of Dupre's Application to "Amend His Answer to Deny Execution of the Guaranty"[3]*

On the eve of trial, Dupre advised his counsel that he did not sign the Guaranty or, at the very least, did not remember signing it, and on the day set for trial, the District Court was so advised.  The Court found it to be "extremely disingenuous, that at this day, the day of trial, that now, for the first time, the aspect that's at the heart of the entire case, for the first time, your client claims that he didn't sign it and didn't guarantee, when throughout the entire history of the case he's acknowledged that he did . . .  I'm not buying this."  Pa 33-35.

Dupre appeals the District Court's supposed denial of his application to amend his Answer.  We say "supposed" because nowhere in the record is there any explicit application to permit him to do so, much less to retract or modify his repeated admissions that he had signed the Guaranty.  Indeed, counsel, specifically disavowing any request to adjourn the trial or take discovery, simply wanted to know from HJI's counsel, present in the courtroom, "What is Howard Johnson's position?  How did they get the guarantee?  Did it come by mail?  Did it come by Federal Express?  Did somebody sit with Mr.

_____

[3]In his brief on appeal, Dupre inconsistently characterizes the error at issue as being the denial of his application to amend his Answer, to amend the Final Pretrial Order, and to amend "all prior pleadings."  Because no application was made, we need not determine to which document or documents he refers.  Appellee, for its part, characterizes the application as a request by Dupre "to retract his admission concerning execution of the Guaranty."  Appellee's Br. at 22.  Again, it is far from clear that any such request was made.

8

Dupree when he signed the guarantee? And who is that? Who is the witness?" (Pa. 38-39).

Because Dupre made no motion, oral or written, to amend his Answer to the Complaint or to withdraw from his many admissions that he had signed the Guaranty, there is no concomitant ruling of the District Court for us to review. And, while the Court did not accede to the request of Dupre's counsel that HJI's counsel respond to counsel's inquiries concerning the circumstances surrounding the execution of the Guaranty, Dupre does not here challenge that refusal.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.